Received and E-Filed for Record
8/21/2024 5:28 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Amy Lundy

24-08-12960

**CAUSE NO. \_\_-_____-\_\_**

|  |  |
|---|---|
| RYAN LOCKWOOD, | **IN THE DISTRICT COURT OF** |
| Plaintiff, | **THE STATE OF TEXAS** |
| – against– | **FOR THE COUNTY OF MONTGOMERY** |
|  | Montgomery County - 457th Judicial District Court |
| HOUSTON TEXAS FIRE FIGHTERS FEDERAL CREDIT UNION and EXPERIAN INFORMATION SOLUTIONS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. |  |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ryan Lockwood (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against the Defendants, Houston Texas Fire Fighters Federal Credit Union (hereinafter "Houston Fire Fighters FCU") and Experian Information Solutions, Inc. (hereinafter "Experian") (collectively "Defendants"), hereby alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (hereinafter the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits credit furnishers and consumer reporting agencies (hereinafter "CRA" or "CRAs") from falsely and inaccurately reporting consumers' credit information.

**THANDIWE A. WASHINGTON** PSC-13177 EXP 09/30/2025

10/11/2024 , 1 pm

2. Discovery is intended to be conducted under Level 2 of Tex. R. Civ. P. 190.

## PARTIES

3. Plaintiff is an adult citizen of the State of Texas, domiciled in Montgomery County, Texas.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

5. Houston Fire Fighters FCU is a Texas federal credit union and "furnisher" of consumer credit information as that term is used in 15 U.S.C. § 1681s-2 of the FCRA.

6. Houston Fire Fighters FCU is qualified to do business in the State of Texas and maintains its principal office in the State of Texas.

7. Experian is a corporation that engages in the business of maintaining and reporting consumer credit information. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA.

8. Experian is qualified to do business in the State of Texas and maintains its principal office in the State of California. Experian is one of the largest CRAs in the world and regularly conducts business in the State of Texas.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to Article V, Section 8 of the Texas Constitution and all other statutes or Texas Constitutional provisions that vest authority and jurisdiction in the District Courts. This Court has jurisdiction over both the parties and the subject matter of this action.

10. This Court has personal jurisdiction over the Defendants, which are qualified to do business in the State of Texas and/or have appointed a registered agent to accept service of process in the State of Texas.

11. Additionally, the allegations which caused or contributed to the subject controversy occurred within the confines of Montgomery County, Texas.

12. The damages sought herein are within the jurisdictional limits of this Court.

13. Pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in this Court as, *inter alia,* the present action has been instituted in the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## FACTUAL ALLEGATIONS

14. Houston Fire Fighters FCU issued a credit account to Plaintiff ending in 4050. The account was routinely reported on Plaintiff's consumer credit report.

15. The consumer credit report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

16. On or about November 24, 2020, Plaintiff and Houston Fire Fighters FCU entered into a Settlement Agreement and Release for settlement and closure of Plaintiff's Houston Fire Fighters FCU accounts, including Plaintiff's Houston

Fire Fighters FCU account ending in 4050 referenced above. A copy of the Settlement Agreement and Release is attached hereto as **Exhibit A**.

17. Plaintiff, via his debt settlement representative, completed the settlement payments and terms. A Satisfaction of Judgment evidencing Plaintiff's completion of the Settlement Agreement and Release is attached hereto as **Exhibit B**. Accordingly, Plaintiff settled and paid his Houston Fire Fighters FCU accounts.

18. However, Plaintiff discovered in January 2023 that, at a minimum, his above-referenced Houston Fire Fighters FCU account ending in 4050 was being negatively and inaccurately reported on his Experian credit report.

19. Accordingly, Plaintiff disputed the status of the account with Experian on or about January 6, 2023. Emails sent by Experian to Plaintiff confirming the account dispute are attached hereto as **Exhibit C**.

20. Therefore, Plaintiff disputed the accuracy of the derogatory and inaccurate information reported by Houston Fire Fighters FCU to Experian in accordance with 15 U.S.C. § 1681i of the FCRA.

21. However, Plaintiff's Houston Fire Fighters FCU account continued to be negatively and inaccurately reported following the FCRA dispute period.

22. The account was inaccurately and negatively reported in at least September 2023. A copy of Plaintiff's September 2023 Experian report showing the account in "Collection" with a "Charge Off" status and past due balance of $3,959.00 is attached hereto as **Exhibit D**.

23. Plaintiff again disputed the status of his Houston Fire Fighters FCU account with Experian, via counsel, in April 2024. A copy of Plaintiff's April 2024 dispute letter is attached hereto as **Exhibit E**.

24. Therefore, Plaintiff again disputed the accuracy of the derogatory and inaccurate information reported by Houston Fire Fighters FCU to Experian in accordance with 15 U.S.C. § 1681i of the FCRA.

25. Despite Plaintiff's disputes regarding his Houston Fire Fighters FCU account, it has continued to report inaccurately and detrimentally on his Experian credit report. The relevant portions of Plaintiff's credit reports from May 2024 and August 2024 are attached hereto as **Exhibit F**. Specifically, Experian has continued to report the account in "Collection/Charge-Off" status with an unpaid balance of $3,959.00.

26. Upon information and belief, despite Plaintiff's disputes regarding the Houston Fire Fighters FCU account at issue, Defendants failed to properly investigate and delete the tradeline for the account on Plaintiff's credit reports and/or failed to properly update the account tradeline on Plaintiff's credit reports.

27. Upon information and belief, the misreporting of the Houston Fire Fighters FCU account has continued for at least the past nineteen months, dating back to Plaintiff's original account dispute in January 2023. *See Exhibit A.*

28. If Defendants had performed reasonable investigations into Plaintiff's account disputes, then Plaintiff's Houston Fire Fighters FCU account would have been updated to reflect a settled status with a balance of $0.00.

29. Despite the fact that Houston Fire Fighters FCU has promised through its subscriber agreements and/or contracts to accurately update accounts, Houston Fire Fighters FCU has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement, as well as the requirements set forth under the FCRA, which has resulted in the inaccurate and detrimental credit information remaining on Plaintiff's credit reports.

30. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and credit reports, concerning the Houston Fire Fighters FCU account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute processes began.

31. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

32. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent, and/or in wanton disregard for federal law and the rights of the Plaintiff herein.

## CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT

33. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

34. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

6

35. Houston Fire Fighters FCU is an entity that, regularly and in the course of business, furnishes information to one or more CRAs about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

36. Houston Fire Fighters FCU is reporting inaccurate credit information concerning Plaintiff to one or more CRAs as defined by 15 U.S.C. § 1681a.

37. Plaintiff notified Experian directly in January 2023, as well as all national CRAs in April 2024, of disputes regarding his Houston Fire Fighters FCU account's completeness and/or accuracy, as reported.

38. Defendants failed to complete reasonable investigations of Plaintiff's disputes and/or failed to provide the results of the investigations within the 30-day statutory periods as required by 15 U.S.C. § 1681s-2(b).

39. Houston Fire Fighters FCU failed to promptly modify the inaccurate information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681s-2(b).

40. Houston Fire Fighters FCU failed to correct and update Plaintiff's inaccurate credit information with all CRAs in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

41. Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

42. Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the Houston Fire Fighters FCU account at issue, thus violating 15 U.S.C. § 1681e(b).

43. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: denial of credit, denial of loan, increased interest rates, mortgage financing issues, decreased credit score, decreased credit capacity, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, and other damages that may be ascertained at a later date.

44. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorneys' fees, and/or costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n, or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1681n;

4. That the Court award costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n, or alternatively, 15 U.S.C. § 1681o; and

5. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Tex. R. Civ. P. 504.1, Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: August 21, 2024

Respectfully submitted,

**LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC**

*/s/ Thomas J. Bellinder*
By: Thomas J. Bellinder, Esq. (24098794)
180 Maiden Lane, 27th Floor
New York, New York 10038
Tel: (212) 226-5081
Fax: (212) 208-2591
Email: Thomas.B@gitmeidlaw.com
*Attorneys for Plaintiff Ryan Lockwood*

9

# EXHIBIT A

CAUSE NO. 20-10-12903

| | | |
|---|---|---|
| HOUSTON TEXAS FIRE FIGHTERS<br>FEDERAL CREDIT UNION<br>Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 457TH JUDICIAL DISTRICT |
| RYAN LOCKWOOD<br>Defendant | §<br>§<br>§<br>§ | MONTGOMERY COUNTY, T E X A S |

## SETTLEMENT AGREEMENT AND RELEASE

### A. PARTIES

This Settlement Agreement and Release (the "Agreement") is made and entered into on the last day set forth on the signature page hereto by Houston Texas Fire Fighters Federal Credit Union ("Plaintiff"), Ryan Lockwood ("Defendant") for the purpose of resolving by compromise settlement, all claims, liabilities, and disputes arising out of a dispute between the Parties. In the remainder of this Agreement, Plaintiff and Defendant shall be referred to collectively as the "Parties."

### B. RECITALS

This Agreement is entered into with reference to the following facts:

1. On or about November 2, 2011, Defendant executed a CREDIT APPLICATION pursuant to which Defendant agreed to pay Plaintiff all sums advanced on behalf of Defendant by Plaintiff, together with interest at the rate of 8.90% per annum and reasonable attorney's fees in the event collection of the same was necessitated. ("Contract #1").

2. After allowing all offsets, credits and payments against Contract 1, the net unpaid balance owing is $6,563.62, plus interest at the contractual rate of 8.90% per annum from and after September 25, 2020 and attorney's fees.

3. On or about October 2, 2008, Defendant(s) for value received, executed that certain OPEN-END PLAN SIGNATURE pursuant to which Defendant agreed to pay Plaintiff all sums advanced thereunder, together with interest at the rate of 9.50% per annum and reasonable attorney's fees in the event collection of the same was necessitated. ("Contract 2").

4. After allowing all just and lawful offsets, credits and payments against Contract 2, the net unpaid principal balance owing is $9,999.49, plus interest at the contractual rate of 9.50% per annum from and after September 25, 2020 and attorney's fees.

5. Plaintiff filed its Petition in the 457th Judicial District Court, in Montgomery County, Texas, Cause Number 20-10-12903 in the action styled *Houston Texas Fire Fighters Federal Credit Union v. Ryan Lockwood* (the "Litigation"). In the Litigation, Plaintiff sought to recover against Defendant net unpaid balance owing on Contract 1 in the amount of $6,563.62, plus prejudgment interest thereon at the contractual rate of 8.90% per annum from September 25, 2020 and the net unpaid balance owing on Contract 2 in the amount of $9,999.94, plus prejudgment interest thereon at the contractual rate of 9.50% per annum from September 25, 2020 to the date of judgment and attorney's fees.

The Parties, without in any way conceding the validity or sufficiency of any claim or contention of any or all the Parties, now desire to fully compromise, finally settle, and fully release all claims, disputes and differences related to the Litigation.

## C. AGREEMENTS, RELEASES, AND PROMISES

In consideration of the releases and promises contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each party hereto, the Parties promise and agree as follows:

1. The Parties have agreed to settle Contract 1 for a total sum of $4,050.00 and Contract 2 for a total sum of $6,030.00 (the "Settlement Amount"). Defendant will begin making monthly payments to Plaintiff in the amount of $225.00/month for Contract 1 and $335.00/month for Contract 2. Payments will be made on or before the 12th day of each month with the first payment beginning on or before December 12, 2020 for 18 months. The payments in the form of Cashier's Checks or ACH Transactions made payable to:

Houston Texas Fire Fighters Federal Credit Union,
Attn: Financial Services
P.O. Box 70009
Houston, TX 77270-0009

2. Houston Texas Fire Fighters Federal Credit Union will file and seek entry of an Agreed Judgment for the full balance owed with the Court after this Settlement Agreement and the Agreed Judgment is fully executed by the parties. Houston Texas Fire Fighters Federal Credit Union will also issue Ryan Lockwood a 1099 for the forgiven portion of the debt. Upon completion of the payment plan outlined in Paragraph C.1., Houston Texas Fire Fighters Federal Credit Union will seek entry of a Satisfaction of Judgment with the Court.

3. The Parties will each bear their respective costs and fees incurred with regards to the Litigation.

4. This Agreement is entered into by the Parties for the purpose of compromising and settling matters in the Litigation between and among them. This Agreement does not constitute, and shall not be construed as, an admission by any Party of the truth or validity of any claims asserted or contentions advanced by any other party or in the federal district courts for the federal

judicial district encompassing such county.

5.     *Release by Plaintiff*.  For good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff does hereby, for itself, its heirs, executors, administrators, attorneys and agents, assigns or representatives of any kind, release and forever discharge Defendant, his attorneys, insurers, assignees, transferors, transferees, principals, partners, officers, directors, employees, servants, subsidiaries, parent corporations, affiliates, predecessors, successors, assigns, investors, stockholders, agents, servicers, and representatives of any kind, from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which Plaintiff may have or may hereafter have or claim to have against Defendant arising out of or related to the claims in the Lawsuit. In addition, Plaintiff hereby covenants not to sue Defendant or any other person or entity, for any claim it has or may have had as of the date of this Agreement, related to or arising out of the Lawsuit and/or the matters mentioned in the recitals herein.

6.     This Agreement is entered into in the State of Texas and the Agreement and any rights, remedies, or obligations provided for in this Agreement, shall be construed and enforced in accordance with the laws of the State of Texas.  Venue for any dispute relating to or arising from this Agreement shall lie exclusively in Montgomery County, Texas or in the federal district courts for the federal judicial district in which said county lies.

7.     This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one Party.

8.     If any action is brought to enforce this Agreement, or is brought in connection with any dispute arising out of this Agreement or the claims which are the subject of this Agreement, the prevailing Party or Parties shall be entitled to recover damages, fees and other costs incurred in such litigation which they may prove are the direct and proximate result of any breach hereof in additional to any other relief which that Party or Parties may be entitled to by law.

9.     The provisions of this Agreement are severable.  If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts.

10.    The specific terms of this Agreement will be kept confidential and the Parties and their counsel agree not to disclose or publish the terms, conditions or covenants referred to in this Agreement, except as follows:

    a.     As is required to comply with any applicable rules, statutes or regulations of any governmental agency;

    b.     As may be reasonably necessary to conduct any litigation arising out of or

concerning this Agreement; or

      c.    As may be ordered by a court of law.

    11.    This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement.  All modifications must be in writing and duly executed by all Parties.

    12.    The Parties acknowledge that this Agreement is executed voluntarily by each of them, without duress or undue influence on the part of, or on behalf of any of them.  The Parties further acknowledge that they have or had the opportunity for representation in the negotiation for, and in the performance of, this Agreement by counsel of their choice and that they have read this Agreement, and have or had the opportunity to have it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal affect.

    13.    This Agreement shall be effective as a full and final accord and satisfaction and release of each matter in connection with those matters set forth herein above.

    14.    This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties and the terms of the Agreement are contractual and not merely recitals.

    15.    This Agreement constitutes that there is no other agreement, written or oral, expressed or implied, between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

    16.    The individuals whose signatures are affixed to this Agreement in a representative capacity represent and warrant that they are authorized to execute the Agreement on behalf of and to bind the entity on whose behalf the signature is affixed.

    17.    This Agreement may be executed in counterpart facsimile signatures and all such counterparts shall constitute a single form of this Agreement.

    18.    This Agreement contains all of the terms and conditions of the Agreement, and it is the complete agreement among the Parties. THE PARTIES HAVE NOT RELIED ON AND EXPRESSLY DISCLAIM RELIANCE ON ANY FACTS, PROMISES, UNDERTAKINGS, OR REPRESENTATIONS WHICH ARE NOT EXPRESSLY CONTAINED IN THIS AGREEMENT.

**IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed on the last day set forth below.**

Dated 11/24/20

By: _____
RYAN LOCKWOOD

STATE OF TEXAS §
§
COUNTY OF Harris §

On this the 24 day of November 2020, before me, the undersigned officer, personally appeared Ryan Lockwood, and after being by me duly sworn, upon oath deposed states that he/she acknowledges and agrees to the terms and conditions contained in the Settlement Agreement for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public in and for the State of Texas

MICHELLE GUERRERO
Notary Public, State of Texas
Comm. Expires 06-19-2022
Notary ID 124821318

2020-003242
Page 5 of 6

Dated _____

HOUSTON TEXAS FIRE FIGHTERS
FEDERAL CREDIT UNION

By: _____
Title: _____

STATE OF TEXAS          §
                        §
COUNTY OF _____   §

On this the _____ day of _____, 2020, before me, the undersigned officer, personally appeared _____, and after being by me duly sworn, upon oath deposed states that he/she acknowledges and agrees on behalf of HOUSTON TEXAS FIRE FIGHTERS FEDERAL CREDIT UNION, to the terms and conditions contained in the Settlement Agreement for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public in and for the State of Texas

2020-003242
Page 6 of 6

CAUSE NO. 20-10-12903

| | | |
|---|---|---|
| **HOUSTON  TEXAS  FIRE  FIGHTERS** | § | **IN THE DISTRICT COURT** |
| **FEDERAL CREDIT UNION** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **457TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **RYAN LOCKWOOD** | § | |
| **Defendant** | § | |
| | § | **MONTGOMERY COUNTY, T E X A S** |

## AGREED JUDGMENT

CAME  BEFORE  this  Court  for  consideration  the  above  referenced  proceeding  for

adjudication on the merits. The Court is of the opinion that judgment should be entered in

consideration of the agreement of the parties as recited hereafter. Pursuant to this agreement,

Plaintiff, Houston Texas Fire Fighters Federal Credit Union, shall have judgment against

Defendant, Ryan Lockwood, as follows:

1. The net unpaid balance owing on Contract 1 in the amount of $6,563.62, plus prejudgment interest thereon at the contractual rate of 8.90% per annum from September 25, 2020 to the date of judgment;

2. The net unpaid balance owing on Contract 2 in the amount of $9,999.49, plus prejudgment interest thereon at the contractual rate of 9.50% per annum from September 25, 2020 to the date of judgment;

3. Reasonable and necessary attorneys' fees in the amount of $850.00;

4. Costs of court; and

5. Post-judgment interest at the rate of 5.00% per annum from the date of judgment until paid in full.

It is therefore,

**ORDERED** that Plaintiff, Houston Texas Fire Fighters Federal Credit Union, have judgment of

and against Defendant, Ryan Lockwood, for:

1. The net unpaid balance owing on Contract 1 in the amount of $6,563.62, plus

prejudgment interest thereon at the contractual rate of 8.90% per annum from September 25, 2020 to the date of judgment;

2.   The net unpaid balance owing on Contract 2 in the amount of $9,999.49, plus prejudgment interest thereon at the contractual rate of 9.50% per annum from September 25, 2020 to the date of judgment;

3.   Reasonable and necessary attorneys' fees in the amount of $850.00;

4.   Costs of court; and

5.   Post-judgment interest at the rate of 5.00% per annum from the date of judgment until paid in full.

This Judgment fully and finally disposes of all claims and all parties and is appealable. All relief not expressly granted herein is DENIED.

Signed this __°__ day of _____, 2020.

_____
JUDGE PRESIDING

APPROVED:

By _____
Dominique Varner       Email: dvarner@hwa.com    TBA #00791182
Kim Lewinski           Email: klewinski@hwa.com  TBA #24097994
HUGHES, WATTERS & ASKANASE, L.L.P.
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas  77002
(713) 759-0818 Telephone
(713) 759-6834 Telecopier
**ATTORNEYS FOR PLAINTIFF,**
**HOUSTON TEXAS FIRE FIGHTERS FEDERAL CREDIT UNION**

By: _____
Ryan Lockwood
104 W Rainbow Ridge Circle
Spring, TX 77381

2020-003242                                                           Agreed Judgment

# EXHIBIT B

CAUSE NO. 20-10-12903

| | | |
|---|---|---|
| **HOUSTON TEXAS FIRE FIGHTERS** | § | **IN THE DISTRICT COURT** |
| **FEDERAL CREDIT UNION** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **457TH JUDICIAL DISTRICT** |
| | § | |
| **RYAN LOCKWOOD** | § | |
| **Defendant(s)** | § | **MONTGOMERY COUNTY, TEXAS** |

## SATISFACTION OF JUDGMENT

On November 30, 2020, Plaintiff, Houston Texas Fire Fighters Federal Credit Union and

Defendant Ryan Lockwood entered into an Agreed Judgment in Cause No. 20-10-12903 styled

*Houston Texas Fire Fighters Federal Credit Union v. Ryan Lockwood.* In the 457th District Court

of Montgomery County, Texas.

The Judgment has been satisfied in accordance with an agreement reached between

Plaintiff, Houston Texas Fire Fighters Federal Credit Union, and Defendant, Ryan Lockwood.

Accordingly, Plaintiff, Houston Texas Fire Fighters Federal Credit Union, acknowledges the full

satisfaction of the Judgment against Defendant, Ryan Lockwood.


Respectfully submitted,


By: _____
Dominique Varner      TBA # 00791182
Email: dvarner@hwa.com
Daniel Taylor      TBA # 24123467
Email: dtaylor@hwa.com
**HUGHES, WATTERS & ASKANASE, L.L.P.**
1201 Louisiana, 28th Floor
Houston, Texas 77002
(713) 590-4200 Telephone
(713) 590-4230 Fax
ATTORNEY FOR PLAINTIFF
HOUSTON TEXAS FIRE FIGHTERS
FEDERAL CREDIT UNION



2020-003242          Satisfaction of Judgment          1

# EXHIBIT C





# EXHIBIT D

# MERGED INFILE CREDIT REPORT

| FILE # | ▮▮▮▮ | FNMA # | DATE COMPLETED | 9/15/2023 | RQD' BY |
|---|---|---|---|---|---|
| SEND TO | ▮▮▮▮▮▮ | | DATE ORDERED | 9/15/2023 | |
| | | | REPOSITORIES | XP | PRPD' BY |
| | | | PRICE | ▮▮▮ | LOAN TYPE |
| | | | REF. # | | |
| PROPERTY ADDRESS | | | | | |

| | APPLICANT | | | CO-APPLICANT | |
|---|---|---|---|---|---|
| APPLICANT | LOCKWOOD, RYAN | | CO-APPLICANT | LOCKWOOD, TARYN | |
| SOC SEC # | ▮▮▮▮ | DOB ▮▮▮ | SOC SEC # | ▮▮▮▮ | DOB ▮▮▮ |
| MARITAL STATUS | | | DEPENDENTS | | |
| CURRENT ADDRESS | ▮▮▮▮▮ | | | LENGTH | |
| PREVIOUS ADDRESS | | | | LENGTH | |

## TRADE SUMMARY

The merge process is automated and the report may include some duplications and/or omissions. Inquiries regarding any disputed items should be directed to MERIDIANLINK CREDITAPI customer service.

| | # | BALANCE | HIGH CREDIT | PAYMENTS | PAST DUE |
|---|---|---|---|---|---|
| MORTGAGE | | | | | |
| AUTO | | | | | |
| EDUCATION | | | | | |
| OTHER INSTALLMENT | | | | | |
| OPEN | | | | | |
| REVOLVING | | | | | |
| OTHER | | | | | |
| TOTAL | | | | | |

| | | | |
|---|---|---|---|
| SECURED DEBT | ▮▮▮ | OLDEST TRADELINE | ▮▮▮ |
| UNSECURED DEBT | ▮▮▮ | REVOLVING CREDIT UTILIZATION | ▮▮▮ |
| | | TOTAL DEBT/HIGH CREDIT | |

## DEROGATORY SUMMARY

## SCORE MODELS

EXPERIAN/FICO 08 - RYAN R LOCKWOOD
SCORE: ▮▮

---

ECOA KEY: B=BORROWER; C=CO-BORROWER; J=JOINT; U=UNDESIGNATED; A=AUTHORIZED USER; P=PARTICIPANT; S=CO-SIGNER; M=MAKER; X=DECEASED; I=INDIVIDUAL; T=TERMINATED

The information is furnished in response to an inquiry for the purpose of evaluating credit risks. It has been obtained from sources deemed reliable, the accuracy of which this organization does not guarantee. The inquirer has agreed to indemnify that reporting bureau for any damage arising from misuse of this information, and this report is furnished in reliance upon that indemnity. It must be held in strict confidence and complies with the provisions of Public Law 91-508, the Fair Credit Reporting Act. Reporting bureau certifies that all Residential Mortgage Credit Reports meet the standards prescribed by FNMA, FHMC, FHA, VA and the Farmers Home Administration.



| FILE # | | | FNMA # | | DATE COMPLETED | 9/15/2023 | RQD' BY | |
|---|---|---|---|---|---|---|---|---|
| SEND TO | | | | | DATE ORDERED | 9/15/2023 | | |
| | | | | | REPOSITORIES | XP | PRPD' BY | |
| | | | | | PRICE | | LOAN TYPE | |
| | | | | | REF. # | | | |
| PROPERTY ADDRESS | | | | | | | | |

| | APPLICANT | | | CO-APPLICANT | |
|---|---|---|---|---|---|
| APPLICANT | LOCKWOOD, RYAN | | CO-APPLICANT | LOCKWOOD, TARYN | |
| SOC SEC # | | DOB | SOC SEC # | | DOB |
| MARITAL STATUS | | | DEPENDENTS | | |

### CREDIT

| E C O A | W H O S E | CREDITOR | DATE REPORTED | DATE OPENED / DLA | HIGH CREDIT OR LIMIT / ACCT TYPE | BALANCE / TERMS | PAST DUE | MO REV | 30 | 60 | 90+ | STATUS / SOURCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |

### COLLECTION ACCOUNTS

| E C O A | W H O S E | CREDITOR | DATE REPORTED | DATE OPENED / DLA | HIGH CREDIT OR LIMIT / ACCT TYPE | BALANCE / TERMS | PAST DUE | MO REV | 30 | 60 | 90+ | STATUS / SOURCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| B | B | HOUSTON TX FIREFIGHTER 4050 | 09/23 | 12/10 02/22 | $10000 REV | $3959 - | $3959 | 99 | 2 | 1 | 0 | CHARGE OFF XP |
| | | CHECK CREDIT OR LINE OF CREDIT | | | | | | | | | | |

ECOA KEY:   B=BORROWER; C=CO-BORROWER; J=JOINT; U=UNDESIGNATED; A=AUTHORIZED USER; P=PARTICIPANT; S=CO-SIGNER; M=MAKER; X=DECEASED; I=INDIVIDUAL; T=TERMINATED

The information is furnished in response to an inquiry for the purpose of evaluating credit risks. It has been obtained from sources deemed reliable, the accuracy of which this organization does not guarantee. The inquirer has agreed to indemnify that reporting bureau for any damage arising from misuse of this information, and this report is furnished in reliance upon that indemnity. It must be held in strict confidence and complies with the provisions of Public Law 91-508, the Fair Credit Reporting Act. Reporting bureau certifies that all Residential Mortgage Credit Reports meet the standards prescribed by FNMA, FHMC, PHA, VA and the Farmers Home Administration.

# EXHIBIT E

The Law Offices of
# ROBERT S. GITMEID & ASSOC., PLLC

April 11, 2024

**<u>VIA CERTIFIED MAIL</u>**

Transunion Consumer Solutions
P.O. Box 2000
Chester, PA 19016

Equifax Information Services, LLC
P.O. Box 740256
Atlanta, GA 30374-0256

Experian
P.O. Box 4500
Allen, TX 75013

| | |
|---|---|
| Re: | Ryan Lockwood |
| Creditor: | Houston Texas Fire Fighters Federal Credit Union |
| Collection Agency: | Hughes, Watters & Askanase, L.L.P. |
| Account No.: | Ending in 4050 |
| SSN: | Ending in ▮▮▮ |
| Address: | ▮▮▮▮▮▮ |

Dear Sir and/or Madam,

Please be advised that this office was retained to represent Ryan Lockwood with respect to his claims for violations under the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices.

On or about November 24, 2020, Mr. Lockwood and Hughes, Watters & Askanase, L.L.P. on behalf of Houston Texas Fire Fighters Federal Credit Union ("HTFFFCU") entered into a settlement agreement for the above-referenced account. A copy of the settlement agreement is attached herein for your review. Pursuant to the terms of the settlement, Mr. Lockwood was required to make monthly payments totaling $6,030.00 to settle and close his HTFFFCU account. Mr. Lockwood, via his debt settlement representative, timely made the requisite settlement payments. A Satisfaction of Judgement is attached herein for your review.

However, over two years later, Mr. Lockwood's account continues to be negatively reported. In particular, on a requested credit report dated March 20, 2024, Mr. Lockwood's account was reported with a status of "CHARGE OFF", and a balance of $3,959.00. The relevant portion of Mr. Lockwood's credit report is attached herein for your review. The trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled in full and has a balance of $0.00.

Please take notice that this dispute is made pursuant to 15 U.S.C. § 1681i under the FCRA. Therefore, if this inaccuracy is not corrected within thirty (30) days, we will pursue further legal process on behalf of our client.

Thank you for your prompt attention to this important matter.

Very truly yours,

Melissa Rodriguez
Paralegal
The Law Offices of Robert S. Gitmeid
& Associates, PLLC
Melissa.R@gitmeidlaw.com
(866) 249-1137

CAUSE NO. 20-10-12903

| | | |
|---|---|---|
| HOUSTON TEXAS FIRE FIGHTERS<br>FEDERAL CREDIT UNION<br>Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 457TH JUDICIAL DISTRICT |
| RYAN LOCKWOOD<br>Defendant | §<br>§<br>§ | MONTGOMERY COUNTY, T E X A S |

## SETTLEMENT AGREEMENT AND RELEASE

### A. PARTIES

This Settlement Agreement and Release (the "Agreement") is made and entered into on the last day set forth on the signature page hereto by Houston Texas Fire Fighters Federal Credit Union ("Plaintiff"), Ryan Lockwood ("Defendant") for the purpose of resolving by compromise settlement, all claims, liabilities, and disputes arising out of a dispute between the Parties. In the remainder of this Agreement, Plaintiff and Defendant shall be referred to collectively as the "Parties."

### B. RECITALS

This Agreement is entered into with reference to the following facts:

1. On or about November 2, 2011, Defendant executed a CREDIT APPLICATION pursuant to which Defendant agreed to pay Plaintiff all sums advanced on behalf of Defendant by Plaintiff, together with interest at the rate of 8.90% per annum and reasonable attorney's fees in the event collection of the same was necessitated. ("Contract #1").

2. After allowing all offsets, credits and payments against Contract 1, the net unpaid balance owing is $6,563.62, plus interest at the contractual rate of 8.90% per annum from and after September 25, 2020 and attorney's fees.

3. On or about October 2, 2008, Defendant(s) for value received, executed that certain OPEN-END PLAN SIGNATURE pursuant to which Defendant agreed to pay Plaintiff all sums advanced thereunder, together with interest at the rate of 9.50% per annum and reasonable attorney's fees in the event collection of the same was necessitated. ("Contract 2").

4. After allowing all just and lawful offsets, credits and payments against Contract 2, the net unpaid principal balance owing is $9,999.49, plus interest at the contractual rate of 9.50% per annum from and after September 25, 2020 and attorney's fees.

5. Plaintiff filed its Petition in the 457th Judicial District Court, in Montgomery County, Texas, Cause Number 20-10-12903 in the action styled *Houston Texas Fire Fighters Federal Credit Union v. Ryan Lockwood* (the "Litigation"). In the Litigation, Plaintiff sought to recover against Defendant net unpaid balance owing on Contract 1 in the amount of $6,563.62, plus prejudgment interest thereon at the contractual rate of 8.90% per annum from September 25, 2020 and the net unpaid balance owing on Contract 2 in the amount of $9,999.94, plus prejudgment interest thereon at the contractual rate of 9.50% per annum from September 25, 2020 to the date of judgment and attorney's fees.

The Parties, without in any way conceding the validity or sufficiency of any claim or contention of any or all the Parties, now desire to fully compromise, finally settle, and fully release all claims, disputes and differences related to the Litigation.

## C. AGREEMENTS, RELEASES, AND PROMISES

In consideration of the releases and promises contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each party hereto, the Parties promise and agree as follows:

1. The Parties have agreed to settle Contract 1 for a total sum of $4,050.00 and Contract 2 for a total sum of $6,030.00 (the "Settlement Amount"). Defendant will begin making monthly payments to Plaintiff in the amount of $225.00/month for Contract 1 and $335.00/month for Contract 2. Payments will be made on or before the 12th day of each month with the first payment beginning on or before December 12, 2020 for 18 months. The payments in the form of Cashier's Checks or ACH Transactions made payable to:

Houston Texas Fire Fighters Federal Credit Union,
Attn: Financial Services
P.O. Box 70009
Houston, TX 77270-0009

2. Houston Texas Fire Fighters Federal Credit Union will file and seek entry of an Agreed Judgment for the full balance owed with the Court after this Settlement Agreement and the Agreed Judgment is fully executed by the parties. Houston Texas Fire Fighters Federal Credit Union will also issue Ryan Lockwood a 1099 for the forgiven portion of the debt. Upon completion of the payment plan outlined in Paragraph C.1., Houston Texas Fire Fighters Federal Credit Union will seek entry of a Satisfaction of Judgment with the Court.

3. The Parties will each bear their respective costs and fees incurred with regards to the Litigation.

4. This Agreement is entered into by the Parties for the purpose of compromising and settling matters in the Litigation between and among them. This Agreement does not constitute, and shall not be construed as, an admission by any Party of the truth or validity of any claims asserted or contentions advanced by any other party or in the federal district courts for the federal

2020-003242
Page 2 of 6

judicial district encompassing such county.

5.      *Release by Plaintiff*. For good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff does hereby, for itself, its heirs, executors, administrators, attorneys and agents, assigns or representatives of any kind, release and forever discharge Defendant, his attorneys, insurers, assignees, transferors, transferees, principals, partners, officers, directors, employees, servants, subsidiaries, parent corporations, affiliates, predecessors, successors, assigns, investors, stockholders, agents, servicers, and representatives of any kind, from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which Plaintiff may have or may hereafter have or claim to have against Defendant arising out of or related to the claims in the Lawsuit. In addition, Plaintiff hereby covenants not to sue Defendant or any other person or entity, for any claim it has or may have had as of the date of this Agreement, related to or arising out of the Lawsuit and/or the matters mentioned in the recitals herein.

6.      This Agreement is entered into in the State of Texas and the Agreement and any rights, remedies, or obligations provided for in this Agreement, shall be construed and enforced in accordance with the laws of the State of Texas. Venue for any dispute relating to or arising from this Agreement shall lie exclusively in Montgomery County, Texas or in the federal district courts for the federal judicial district in which said county lies.

7.      This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one Party.

8.      If any action is brought to enforce this Agreement, or is brought in connection with any dispute arising out of this Agreement or the claims which are the subject of this Agreement, the prevailing Party or Parties shall be entitled to recover damages, fees and other costs incurred in such litigation which they may prove are the direct and proximate result of any breach hereof in additional to any other relief which that Party or Parties may be entitled to by law.

9.      The provisions of this Agreement are severable. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts.

10.     The specific terms of this Agreement will be kept confidential and the Parties and their counsel agree not to disclose or publish the terms, conditions or covenants referred to in this Agreement, except as follows:

    a.      As is required to comply with any applicable rules, statutes or regulations of any governmental agency;

    b.      As may be reasonably necessary to conduct any litigation arising out of or

concerning this Agreement; or

      c.    As may be ordered by a court of law.

    11.    This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement. All modifications must be in writing and duly executed by all Parties.

    12.    The Parties acknowledge that this Agreement is executed voluntarily by each of them, without duress or undue influence on the part of, or on behalf of any of them. The Parties further acknowledge that they have or had the opportunity for representation in the negotiation for, and in the performance of, this Agreement by counsel of their choice and that they have read this Agreement, and have or had the opportunity to have it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal affect.

    13.    This Agreement shall be effective as a full and final accord and satisfaction and release of each matter in connection with those matters set forth herein above.

    14.    This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties and the terms of the Agreement are contractual and not merely recitals.

    15.    This Agreement constitutes that there is no other agreement, written or oral, expressed or implied, between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

    16.    The individuals whose signatures are affixed to this Agreement in a representative capacity represent and warrant that they are authorized to execute the Agreement on behalf of and to bind the entity on whose behalf the signature is affixed.

    17.    This Agreement may be executed in counterpart facsimile signatures and all such counterparts shall constitute a single form of this Agreement.

    18.    This Agreement contains all of the terms and conditions of the Agreement, and it is the complete agreement among the Parties. THE PARTIES HAVE NOT RELIED ON AND EXPRESSLY DISCLAIM RELIANCE ON ANY FACTS, PROMISES, UNDERTAKINGS, OR REPRESENTATIONS WHICH ARE NOT EXPRESSLY CONTAINED IN THIS AGREEMENT.

**IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed on the last day set forth below.**

Dated 11/24/20

By: _____
RYAN LOCKWOOD

STATE OF TEXAS          §
                        §
COUNTY OF Harris        §

On this the 24 day of November 2020, before me, the undersigned officer, personally appeared Ryan Lockwood, and after being by me duly sworn, upon oath deposed states that he/she acknowledges and agrees to the terms and conditions contained in the Settlement Agreement for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public in and for the State of Texas

MICHELLE GUERRERO
Notary Public, State of Texas
Comm. Expires 06-19-2022
Notary ID 124821318

2020-003242
Page 5 of 6

Dated _____

HOUSTON TEXAS FIRE FIGHTERS
FEDERAL CREDIT UNION

By: _____
Title: _____

STATE OF TEXAS          §
                        §
COUNTY OF _____ §

On this the _____ day of _____, 2020, before me, the undersigned officer, personally appeared _____, and after being by me duly sworn, upon oath deposed states that he/she acknowledges and agrees on behalf of HOUSTON TEXAS FIRE FIGHTERS FEDERAL CREDIT UNION, to the terms and conditions contained in the Settlement Agreement for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public in and for the State of Texas

CAUSE NO. 20-10-12903

| | | |
|---|---|---|
| **HOUSTON TEXAS FIRE FIGHTERS FEDERAL CREDIT UNION**<br>**Plaintiff** | § § § § § § § § § § | **IN THE DISTRICT COURT** |
| **V.** | | **457ᵀᴴ JUDICIAL DISTRICT** |
| **RYAN LOCKWOOD**<br>**Defendant** | | **MONTGOMERY COUNTY, T E X A S** |

## AGREED JUDGMENT

CAME BEFORE this Court for consideration the above referenced proceeding for adjudication on the merits. The Court is of the opinion that judgment should be entered in consideration of the agreement of the parties as recited hereafter. Pursuant to this agreement, Plaintiff, Houston Texas Fire Fighters Federal Credit Union, shall have judgment against Defendant, Ryan Lockwood, as follows:

1. The net unpaid balance owing on Contract 1 in the amount of $6,563.62, plus prejudgment interest thereon at the contractual rate of 8.90% per annum from September 25, 2020 to the date of judgment;

2. The net unpaid balance owing on Contract 2 in the amount of $9,999.49, plus prejudgment interest thereon at the contractual rate of 9.50% per annum from September 25, 2020 to the date of judgment;

3. Reasonable and necessary attorneys' fees in the amount of $850.00;

4. Costs of court; and

5. Post-judgment interest at the rate of 5.00% per annum from the date of judgment until paid in full.

It is therefore,

**ORDERED** that Plaintiff, Houston Texas Fire Fighters Federal Credit Union, have judgment of and against Defendant, Ryan Lockwood, for:

1. The net unpaid balance owing on Contract 1 in the amount of $6,563.62, plus

prejudgment interest thereon at the contractual rate of 8.90% per annum from September 25, 2020 to the date of judgment;

2.  The net unpaid balance owing on Contract 2 in the amount of $9,999.49, plus prejudgment interest thereon at the contractual rate of 9.50% per annum from September 25, 2020 to the date of judgment;

3.  Reasonable and necessary attorneys' fees in the amount of $850.00;

4.  Costs of court; and

5.  Post-judgment interest at the rate of 5.00% per annum from the date of judgment until paid in full.

This Judgment fully and finally disposes of all claims and all parties and is appealable. All

relief not expressly granted herein is DENIED.

Signed this ⁹ day of _____, 2020.

_____
JUDGE PRESIDING

APPROVED:

By _____
Dominique Varner      Email: dvarner@hwa.com   TBA #00791182
Kim Lewinski          Email: klewinski@hwa.com  TBA #24097994
HUGHES, WATTERS & ASKANASE, L.L.P.
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
(713) 759-0818 Telephone
(713) 759-6834 Telecopier
ATTORNEYS FOR PLAINTIFF,
HOUSTON TEXAS FIRE FIGHTERS FEDERAL CREDIT UNION

By: _____
Ryan Lockwood
104 W Rainbow Ridge Circle
Spring, TX 77381

2020-003242

Agreed Judgment

CAUSE NO. 20-10-12903

| HOUSTON TEXAS FIRE FIGHTERS | § | IN THE DISTRICT COURT |
|---|---|---|
| FEDERAL CREDIT UNION | § | |
| Plaintiff | § | |
| | § | |
| V. | § | 457TH JUDICIAL DISTRICT |
| | § | |
| RYAN LOCKWOOD | § | |
| Defendant(s) | § | MONTGOMERY COUNTY, TEXAS |

## SATISFACTION OF JUDGMENT

On November 30, 2020, Plaintiff, Houston Texas Fire Fighters Federal Credit Union and

Defendant Ryan Lockwood entered into an Agreed Judgment in Cause No. 20-10-12903 styled

_Houston Texas Fire Fighters Federal Credit Union v. Ryan Lockwood,_ In the 457th District Court

of Montgomery County, Texas.

The Judgment has been satisfied in accordance with an agreement reached between

Plaintiff, Houston Texas Fire Fighters Federal Credit Union, and Defendant, Ryan Lockwood.

Accordingly, Plaintiff, Houston Texas Fire Fighters Federal Credit Union, acknowledges the full

satisfaction of the Judgment against Defendant, Ryan Lockwood.

Respectfully submitted,

By: _____

Dominique Varner     TBA # 00791182
Email: dvarner@hwa.com
Daniel Taylor     TBA # 24123467
Email: dtaylor@hwa.com
**HUGHES, WATTERS & ASKANASE, L.L.P.**
1201 Louisiana, 28th Floor
Houston, Texas 77002
(713) 590-4200 Telephone
(713) 590-4230 Fax
ATTORNEY FOR PLAINTIFF
HOUSTON TEXAS FIRE FIGHTERS
FEDERAL CREDIT UNION



## CERTIFICATE OF SERVICE

I hereby certify that on the ___27___ day of March 2024, a true and correct copy of the foregoing Satisfaction of Judgment was sent to the Defendant by electronic mail, U. S. certified mail, return receipt request and by first class U. S. Mail in accordance with the Texas Rules of Civil Procedure.

Christopher Gold Ayres, SBN: 24086359
Chris.A@gitmeidlaw.com
OF COUNSEL FOR:
**Law Offices of Robert S. Gitmeid &**
**Associates, PLLC**
933 NW 164th Street, Suite 2
Edmond, OK 73013
Tel: 713.502.2727
Facsimile: 877.690.5003
*Attorney for Defendant*

Respectfully submitted,

By: _____
Dominique Varner      TBA # 00791182
Email: dvarner@hwa.com
Daniel Taylor          TBA # 24123467
Email: dtaylor@hwa.com
**HUGHES, WATTERS & ASKANASE, L.L.P.**
1201 Louisiana, 28th Floor
Houston, Texas 77002
(713) 590-4200 Telephone
(713) 590-4230 Fax
ATTORNEY FOR PLAINTIFF
HOUSTON TEXAS FIRE FIGHTERS
FEDERAL CREDIT UNION

## Credit report

| TransUnion | Equifax | Experian | All bureaus |

| Bureau | TransUnion℠ | EQUIFAX | experian |



| Report date | Mar 20, 2024 | Mar 20, 2024 | Mar 20, 2024 |

## Personal info

| Reported names | Ryan R Lockwood | Ryan Lockwood | Ryan R Lockwood |
| DOB | | | |
| SSN | | | |
| Employment info | | | |
| Addresses | | | |



## Account summary







**HOUSTON TX FIREFIGHTER**

Mar 1, 2024     **$3,959.00**
           Closed

**Overview**

Balance:     Highest balance:
**$3,959.00**

**Account details**

| | |
|---|---|
| Account Number | XXXX |
| Account Status | **Charge Off** |
| Open Date | |
| Last Activity | |
| Type | **Check Credit Or Line Of Credit** |
| Responsibility | **Individual** |
| Remarks | **Charged Off Account** |
| Times 30/60/90 Days Late | |
| Month's Reviewed | |
| Terms Count | |
| Term Source Type | |
| High Balance | |
| High Credit | |
| Monthly Payment | |
| Current Payment Status | Collection/Charge-off |
| Amount Past Due | |

**Payment history**



**Creditor information**

HOUSTON TX FIRE FIGH
4200 KOLB
HOUSTON, TX 77007
(713) 864-0959

# EXHIBIT F

# Credit report

TransUnion   Equifax   Experian   **All bureaus**



| Bureau | TransUnion℠ | EQUIFAX | experian |
|---|---|---|---|
| VantageScore® 3.0 | | | |
| Report date | May 21, 2024 | May 21, 2024 | May 21, 2024 |

## Personal info

| Reported names | Ryan Robert Lockwood | Ryan Lockwood  Ryan Robert Lockwood | Ryan R Lockwood |
|---|---|---|---|
| DOB | | | |
| SSN | | | |
| Employment info | | | |
| Addresses | | | |



## Account summary



| Bureau | TransUnion℠ | EQUIFAX | experian |
|---|---|---|---|
| Total accounts | | | |
| Open accounts | | | |
| Closed accounts | | | |
| Delinquent | | | |
| Derogatory | | | |
| Collections | | | |
| Balances | | | |
| Payments | | | |
| Public records | | | |

| Hide Details ⊖ | Apr 1, 2024 | $0.00<br>HOU FIRFI | | May 1, 2024 | $3,959.00<br>HOUSTON TX FIREFIGHTER |
|---|---|---|---|---|---|

**Account details**

| | |
|---|---|
| Account Number | ▇40XX |
| Date Opened | Dec 13, 2010 |
| Last Activity | Apr 1, 2024 |
| Original Creditor | |
| Monthly Payment | $0.00 |
| Term Source Type | |
| Current Rating | Collection/Charge-off |
| Status | Closed |
| Type | Individual |
| High Balance | $10,000.00 |
| Unpaid Balance | $0.00 |
| Highest Adverse Rating | Collection/Charge-off |
| Most Recent Adverse Rating | Collection/Charge-off |
| Comments | Settled - Less Than Full Balance |

**Account details**

No History Is Available

**Collection agency**

HOU FIRFI

Account ID:
451a1c5295de4361c57db99e693c79cc

**Account details**

| | |
|---|---|
| Account Number | ▇XXXX |
| Date Opened | Dec 13, 2010 |
| Last Activity | Nov 1, 2020 |
| Original Creditor | |
| Monthly Payment | $0.00 |
| Term Source Type | |
| Current Rating | Collection/Charge-off |
| Status | Charge Off |
| Type | Individual |
| High Balance | |
| Unpaid Balance | $3,959.00 |
| Highest Adverse Rating | Collection/Charge-off |
| Most Recent Adverse Rating | Collection/Charge-off |
| Comments | Unpaid Balance Reported As A Loss By Credit Grantor |

**Account details**

You've Made 93% Of Payments For This Account On Time.

| | Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|---|
| 2024 | N/A | N/A | N/A | CC | | |
| | Jul | Aug | Sep | Oct | Nov | Dec |
| | | | | | | |

| | Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|---|
| 2023 | N/A | N/A | N/A | N/A | N/A | N/A |
| | Jul | Aug | Sep | Oct | Nov | Dec |
| | N/A | N/A | N/A | N/A | N/A | N/A |



|  | Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|---|
| 2022 | N/A | N/A | N/A | N/A | N/A | N/A |
|  | Jul | Aug | Sep | Oct | Nov | Dec |
|  | N/A | N/A | N/A | N/A | N/A | N/A |
|  | Jan | Feb | Mar | Apr | May | Jun |
| 2021 | N/A | N/A | N/A | N/A | N/A | N/A |
|  | Jul | Aug | Sep | Oct | Nov | Dec |
|  | N/A | N/A | N/A | N/A | N/A | N/A |
|  | Jan | Feb | Mar | Apr | May | Jun |
| 2020 | OK | OK | OK | OK | OK | OK |
|  | Jul | Aug | Sep | Oct | Nov | Dec |
|  | OK | 30 | 30 | 60 | CC | CC |
|  | Jan | Feb | Mar | Apr | May | Jun |
| 2019 | OK | OK | OK | OK | OK | OK |
|  | Jul | Aug | Sep | Oct | Nov | Dec |
|  | OK | OK | OK | OK | OK | OK |
|  | Jan | Feb | Mar | Apr | May | Jun |
| 2018 | OK | OK | OK | OK | OK | OK |
|  | Jul | Aug | Sep | Oct | Nov | Dec |
|  | OK | OK | OK | OK | OK | OK |
|  | Jan | Feb | Mar | Apr | May | Jun |
| 2017 |  |  |  |  |  | OK |
|  | Jul | Aug | Sep | Oct | Nov | Dec |
|  | OK | OK | OK | OK | OK | OK |

| OK | Paid on time |
|---|---|
| 30 | 30 days past due |
| 60 | 60 days past due |
| 90 | 90 days past due |
| 120 | 120 days past due |
| 150 | 150 days past due |
| BR | Bankruptcy |
| RF | Repossession or foreclosure |
| CC | Collection or charge off |
| VS | Voluntary surrender |
| N/A | No data available |

**Collection agency**

HOUSTON TX FIREFIGHTER
4200 KOLB ST
HOUSTON, TX 77007
(713) 864-0959

Account ID:
c29be11ba965b1b721bbb1654fc01639



## Credit report

| | TransUnion | Equifax | Experian | All bureaus |

| Bureau | TransUnion | EQUIFAX | experian |
|---|---|---|---|
| VantageScore® 3.0 | | | |
| Report date | Aug 21, 2024 | Aug 21, 2024 | Aug 21, 2024 |

## Personal info

| Reported names | Ryan Robert Lockwood | Ryan Lockwood<br>Ryan Robert Lockwood | Ryan R Lockwood |
|---|---|---|---|
| DOB | | | |
| SSN | | | |
| Employment info | | | |
| Addresses | | | |



## Account summary

| Bureau | TransUnion | EQUIFAX | experian |
|---|---|---|---|
| Total accounts | | | |
| Open accounts | | | |
| Closed accounts | | | |
| Delinquent | | | |
| Derogatory | | | |
| Collections | | | |

| Hide Details ☺ | Apr 1, 2024 | $0.00 HOU FIRF | | Aug 1, 2024 | $3,959.00 HOUSTON TX FIREFIGHTER |
|---|---|---|---|---|---|
| | Account details | | | Account details | |
| | Account Number | 40XX | | Account Number | XXXX |
| | Date Opened | Dec 13, 2010 | | Date Opened | Dec 13, 2010 |
| | Last Activity | Apr 1, 2024 | | Last Activity | Nov 1, 2020 |
| | Original Creditor | | | Original Creditor | |
| | Monthly Payment | $0.00 | | Monthly Payment | $0.00 |
| | Term Source Type | | | Term Source Type | |
| | Current Rating | Collection/Charge-off | | Current Rating | Collection/Charge-off |
| | Status | Closed | | Status | Charge Off |
| | Type | Individual | | Type | Individual |
| | High Balance | $10,000.00 | | High Balance | |
| | Unpaid Balance | $0.00 | | Unpaid Balance | $3,959.00 |
| | Highest Adverse Rating | Collection/Charge-off | | Highest Adverse Rating | Collection/Charge-off |
| | Most Recent Adverse | Collection/Charge- | | Most Recent Adverse | Collection/Charge- |

| Rating | off |
| --- | --- |

| Comments | Settled - Less Than Full Balance |
| --- | --- |

**Account details**

No History Is Available

**Collection agency**

HOU FIRFI

Account ID:
451a1c5295de4381c57db99e693e70ec

---

| Rating | off |
| --- | --- |

| Comments | Unpaid Balance Reported As A Loss By Credit Grantor |
| --- | --- |

**Account details**

You've Made 99% Of Payments For This Account On Time.

| | Jan | Feb | Mar | Apr | May | Jun |
| --- | --- | --- | --- | --- | --- | --- |
| 2024 | N/A | N/A | N/A | N/A | CC | CC |
| | Jul | Aug | Sep | Oct | Nov | Dec |
| | CC | CC | | | | |
| 2023 | Jan | Feb | Mar | Apr | May | Jun |
| | N/A | N/A | N/A | N/A | N/A | N/A |
| | Jul | Aug | Sep | Oct | Nov | Dec |
| | N/A | N/A | N/A | N/A | N/A | N/A |
| 2022 | Jan | Feb | Mar | Apr | May | Jun |
| | N/A | N/A | N/A | N/A | N/A | N/A |
| | Jul | Aug | Sep | Oct | Nov | Dec |
| | N/A | N/A | N/A | N/A | N/A | N/A |
| 2021 | Jan | Feb | Mar | Apr | May | Jun |
| | N/A | N/A | N/A | N/A | N/A | N/A |
| | Jul | Aug | Sep | Oct | Nov | Dec |
| | N/A | N/A | N/A | N/A | N/A | N/A |
| 2020 | Jan | Feb | Mar | Apr | May | Jun |
| | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| | Jul | Aug | Sep | Oct | Nov | Dec |
| | ✓ | 90 | 90 | 120 | CC | CC |
| 2019 | Jan | Feb | Mar | Apr | May | Jun |
| | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| | Jul | Aug | Sep | Oct | Nov | Dec |
| | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | Jan | Feb | Mar | Apr | May | Jun |
| | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| | Jul | Aug | Sep | Oct | Nov | Dec |
| | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | Jan | Feb | Mar | Apr | May | Jun |
| | Jul | Aug | Sep | Oct | Nov | Dec |
| | | | ✓ | ✓ | ✓ | ✓ |

| ✓ | Paid on time |
| --- | --- |
| 30 | 30 days past due |
| 60 | 60 days past due |
| 90 | 90 days past due |
| 120 | 120 days past due |
| 150 | 150 days past due |
| BR | Bankruptcy |
| RF | Repossession or foreclosure |
| CC | Collection or charge off |
| VS | Voluntary surrender |
| N/A | No data available |

**Collection agency**

HOUSTON TX FIREFIGHTER
4200 KOLB ST
HOUSTON, TX 77007
(713) 864-0959

Account ID:
e29be11ba965b1b721bb1854bc01809

